UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| C.M. as parent and next friend of D.M., a Minor, <br>             Plaintiffs, <br><br> vs. <br><br> ORANGEVILLE BOARD OF EDUCATION COMMUNITY UNIT SCHOOL DISTRICT #203 <br>             Defendant. | ) ) ) ) ) ) ) ) ) ) ) )    **JURY DEMAND** |

## COMPLAINT

### I. JURISDICTION AND VENUE

1. This is an action for review on an administrative record of *The Special Education of D.M. vs. Orangeville CUSD #203*, ISBE Case No. 2012-0020, under I.D.E.A. 2008 20 U.S.C. § 1400 et seq., an action for attorney's fees under the same. Violations of the Rehabilitation Act of 1973, Section 504, 29 U.S.C. §791 et. seq.; A.D.A Amendments Act of 2008, §2 et. seq.; 42 U.S.C. §12101 et. seq. and the Civil Rights Act of 1964 § 1983 under substantive Due Process and Equal Protection Rights. Jurisdiction is founded upon a federal question of law, pursuant to 28 USC §1331.

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §1342 and 34 CFR 300.500 et seq. At all times relevant to this action, Defendant has acted under color of state law.

3. Venue is proper in the Northern District of Illinois under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to Plaintiffs' claims arose there.

### II. PARTIES

4. C.M. is the mother and next friend of D.M., who was at all times relevant, a

resident and student enrolled in the Defendant ORANGEVILLE COMMUNITY UNIT SCHOOL DISTRICT #203 (hereinafter referred to as DISTRICT) for the school years spring 2009 to fall 2011 in which she was enrolled in 8th, 9th and 10th grades respectively.

5. At all times relevant herein, Plaintiff D.M. was diagnosed medically as a child with Juvenile Idiopathic Arthritis for which the DISTRICT initially found her eligible as a child with a disability as defined by I.D.E.A. 2008 20 U.S.C. § 1412 and/or Rehabilitation Act of 1973, Section 504, 29 U.S.C. § 791 et. seq. and/or A.D.A. Amendments Act of 2008 in that she is limited in her physical gross and fine movements due to the Rheumatoid Arthritis

6. At all times relevant herein, Defendant ORANGEVILLE BOARD OF EDUCATION and ORANGEVILLE COMMUNITY SCHOOL DISTRICT #203 (hereinafter referred to as DISTRICT) was a corporate body organized under the State of Illinois located within the boundaries of Stephenson County, State of Illinois.

7. At all times relevant herein, Plaintiffs C.M. and D.M. were residents of the City of Orangeville, County of Stephenson and State of Illinois.

8. Defendant DISTRICT employs at its Orangeville, Illinois location, certain school sites, which include the High School located at 201 S. Orangeville Street, Orangeville, Illinois, and has over 40 employees.

9. The Plaintiff C.M. is the parent, the guardian and next friend of D.M. identified as having the need for special education as a child with a disability as defined by I.D.E.A. 2004 20 U.S.C. §1412 and/or ADAAA had an Individualized Educational Programs ("I.E.P.") under 20 U.S.C. §1414(d) and had "individual appropriate accommodations". 20 U.S.C. §1414(d) and ADAAA.

### III. REVIEW OF ADMINISTRATION RECORD OF A DUE PROCESS HEARING CAPTIONED THE SPECIAL EDUCATION OF D.M. VS. ORANGEVILLE CUSD #203, ISBE CASE NO. 2012-0020.

10. Plaintiffs re-allege and incorporate Paragraphs 1-9 as if fully set forth herein.

11. That on or about July 14, 2011, C.M. filed a Due Process Complaint under I.D.E.A. to protect the civil rights of her daughter D.M. which was subsequently amended on October 21, 2011. (See attached Group Exhibit A).

12. That a Due Process Hearing was held on January 12th, 13th and 30th of 2012 before the duly appointed Administrative Hearing Officer, Alan Cook, who rendered his opinion on February 27, 2012. (See attached Exhibit B -Order and Exhibit C the Transcripts of Proceeding).

13. That the filing and hearing under the Amended Due Process Complaint fulfilled Plaintiff's requirement to "exhaust her administrative remedies" prior to filing this Complaint.

14. That the Administrative Hearing Officer found that Plaintiff prevailed in that the legal relationship between the parties had changed and he ordered that the DISTRICT had failed to conduct an occupational therapy and physical therapy evaluation in March, 2010, and April, 2011, failed to conduct a social development evaluation, failed to include school nurse at IEP meetings and failed to conduct adaptive technology evaluations.

15. That the Administrative Hearing Officer ordered that C.M. on behalf of her daughter, D.M., should have independent evaluations completed in the areas of physical therapy, occupational therapy, social development, adaptive technology and nursing case management to be paid for by the DISTRICT.

16. That pursuant to I.D.E.A. and 34 CFR 300.517(a), Plaintiff C.M. should be awarded attorney's fees for that proceeding (See attached Exhibit D) totaling $43,299.64 and for this proceeding as well.

17. That the decision by the Administrative Hearing Officer was limited in that his decision was based only on educational issues pursuant to I.D.E.A. and he failed to address all of the remaining issues under Violations of the Rehabilitation Act of 1973, Section 504, 29 U.S.C. §791 et. seq.; Americans with Disabilities Act of 1990, §2 et. seq.; 42 U.S.C. §12101 et. seq. and the Civil Rights Act of 1964 § 1983.

18. As a result of the Hearing Officer's refusal to hear any other statutory claims, Plaintiff was limited in her ability to present all relevant evidence in support of her other federal statutory claims as listed above and should be allowed to present additional evidence de novo pursuant to each and every statutory claim of the violation of D.M.'S civil rights as a child of a disability.

19. That this court upon review of the administrative record should note that despite the physical barriers facing D.M. at the DISTRICT high school and as agreed by the DISTRICT, the Hearing Officer ordered that D.M. continue to be enrolled in the Orangeville School District which would severely limit her access to an education.

20. Further the Hearing Officer failed to rule on financial reimbursement to be awarded to the parents for placing D.M. in a school that meets her needs.

21. The DISTRICT has repeatedly refused to reimburse the parents for this placement because the parents voluntarily placed her there in a setting that met her physical, emotional, psychological needs.

22. The Hearing Officer denied Plaintiff's request for reimbursement for psychological testing and evaluation conducted by Dr. Kyle Cushing of the Glenwood Center.

23. That the Hearing Officer provided ninety (90) days for the evaluations to be completed, but due to may factors such as D.M.'s schooling, C.M.'s job, D.M.'s illness and the

inability to locate certain state approved evaluators, the evaluations for nursing and adaptive technology have not yet been completed. These are probably the most important evaluations for D.M. for her to receive FAPE yet the DISTRICT states they have no responsibility to assist D.M. in obtaining these evaluations. (See attached Exhibit E-email from DISTRICT attorney).

24. Further that despite Plaintiffs continuing as residents within the boundaries of the Orangeville School District, the DISTRICT refuses to assist C.M. in obtaining FAPE for D.M. stating through counsel that since D.M. is not enrolled in the Orangeville School District it has no legal obligations to D.M. which is contrary to I.D.E.A. and § 504 particularly under the child find provision.

## IV. VIOLATION OF A.D.A.A.A

25. Plaintiffs re-allege and incorporate Paragraphs 1-24 as if fully set forth herein.

26. Defendant intentionally violated Plaintiff D.M.'s rights under A.D.A.A.A. because of its failure to provide D.M. with the following:

    a. Failed to provide physical access to all of her required classes and/or all classes for which she was enrolled;

    b. Failure to provide an opportunity to attend and/or participate in the class lectures and discussions and any class activities located on the second or third floor of the high school building;

    c. Failure to provide any accommodations for the student D.M.'s physical inability to climb stairs to reach her class rooms at higher levels in the school building;

    d. Failure to provide a reasonable alternative public school placement as recommended and required for D.M.'s mental, emotional and physical health;

    e. Failure to provide her with adaptive technology training and proper equipment

when she could not use her hands to write or type;

f    Failure to reimburse the parents for enrolling and paying the tuition and transportation for a public high school in a separate school district that met all of the criteria under the A.D.A for D.M. to receive access to a free and appropriate education given her physical and emotional limitations.

27.    Defendant's actions are in violation of the A.D.A. Amendments Act of 2008 in that it has intentionally denied the child Plaintiff accessibility to a free and appropriate education required under A.D.A.

## V.    <u>VIOLATION OF THE CIVIL RIGHTS ACT OF 1964 §1983 AND SECTION 504 OF THE REHABILITATION ACT</u>

28.    Plaintiffs re-allege and incorporate Paragraphs 1-27 as if fully set forth herein.

29.    The student D.M. suffered extreme physical distress, a major panic attack at school, a self cutting of her wrists all due to the bullying and discriminatory acts she received during the spring semester of 2011 from both educational staff and other students, as well as the discussions of her disability and accommodations in an open classroom with student peers and the teacher.

30.    Instead of addressing the bullying issues and D.M.'s physical inability to attend class on the higher levels of the school, the DISTRICT first placed her in an inappropriate special education classroom where she received no instruction and where she was subject to bullying and discriminatory remarks from the classroom teacher and other students.

31.    The DISTRICT by its failure to protect D.M. from the extensive bullying and discrimination she received from both the educational staff and other students has violated her civil rights as a member of a protected class particularly when it gave her no alternative but to

stay home from school to avoid the bullying and discriminatory actions.

32. The DISTRICT further failed to provide D.M. with the proper accommodations or instruction or equipment she needed in order to write papers and/or to prepare her homework and/or to take tests due to her limited ability to utilize her hands to write or type paperwork.

33. The DISTRICT further failed to properly evaluate D.M. and to provide her instruction and accommodations on a timely basis as ruled by the Hearing Officer in Exhibit B, the Due Process Hearing Order.

34. The DISTRICT further violated D.M.'s rights by its failure to place her in the least restrictive environment that would accommodate her physical and emotional needs instead placing her in homebound classes whereby she received incomplete and/or no instruction in her scheduled classes and was not allowed to attend school from the fourth quarter of spring 2011, through first and second quarter of fall 2011 school year for her to avoid the bullying and discriminatory acts and the physical barriers of the building.

35. By these actions or inactions the DISTRICT deliberately and/or intentionally denied her as required by law a free and appropriate public education in the least restrictive environment with the accommodations necessary for her to have access to the same education as her non-disabled peers.

36. That the DISTRICT demonstrated bad faith and/or gross misjudgment and/or deliberate indifference by its denial of FAPE for D.M. by sending D.M. to homebound services for parts of two school years instead of addressing the bullying by teachers and students that was based on her disability and not addressing her physical need to have access to her educational classrooms and teachers for her educational instruction.

37. The DISTRICT in bad faith and/or gross misjudgment and/or deliberate

indifference did not provide Plaintiff D.M. with any alternative schooling that addressed her disability until after she had not attended school for over three semesters and then the DISTRICT has refused in bad faith to pay tuition by reimbursing the parent so D.M. can attend another local public high school that physically, emotionally and psychologically meets her needs.

38. That despite many requests and the need to hire counsel, the DISTRICT in bad faith and with deliberate indifference continues to refuse to acknowledge that the parent's chosen school placement was appropriate and met all of D.M.'s educational needs, insisting that they have no further responsibility for her education.

39. Further now that the parents have enrolled D.M. in a adjacent public school district, which has a high school on one floor and meets the psychological, physical and emotional needs of D.M., the DISTRICT refuses to acknowledge any further responsibility both legally and financially they remain residence of the DISTRICT which is contrary to both state and federal law.

## VI. VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT

40. Plaintiffs re-allege and incorporate Paragraphs 1-39 as if fully set forth herein.

41. Section 504 of the Rehabilitation Act states that "[n}o otherwise qualified person with disabilities shall, solely by reason of his or her disability, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." 29 U.S.C. §794(a).

42. D.M. is a "qualified person with disabilities" within the meaning of Section 504, because she has physical and/or mental impairments that substantially limits one or more major life activities including, but not limited to, walking, climbing stairs, writing, typing and using her hands.

43. Regulations implementing Section 504 require that a public entity administer its services, programs and activities in "the most integrated setting appropriate" to the needs of qualified individuals with disabilities. 28 C.F.R. §41.51(d).

44. That the DISTRICT has specifically and systemically failed over a substantial length of time to provide an appropriate educational environment both physically, emotionally and mentally for Plaintiff D.M. and has failed to provide any reimbursement for C.M.'s payment of tuition and transportation for D.M.'s education in an appropriate physical environment for her education.

45. Section 504's regulations prohibit recipients of federal financial assistance from "utiliz[ing] criteria or methods of administration...(I) [t]hat have the effect of subjecting qualified handicapped persons to discrimination on the basis of handicap [or] (ii) that have the purpose of effect of defeating or substantially impairing accomplishment of the objectives of the recipient's program with respect to handicapped persons." 45 C.F.R. §84.4(b)(4); 28 C.F.R. §41.51(b)(e)(I).

46. All of Defendant's actions listed above are intentional or by deliberate indifference in violation of Section 504 of the Rehabilitation Act.

## VIII. <u>VIOLATION OF D.M.'S SUBSTANTIVE DUE PROCESS RIGHTS AND EQUAL PROTECTION CLAIMS UNDER § 1983</u>

47. Plaintiffs re-allege and incorporate Paragraphs 1-46 as if fully set forth herein.

48. The DISTRICT failed to provide D.M. with FAPE which resulted in her deprivation of her due process rights.

49. That the DISTRICT'S decision to place D.M. on homebound services and to keep her on homebound services for over three semesters because of the discrimination, bullying and her physical inability to access her classes was an intentional and/or deliberately indifferent

decision to deprive D.M. of her liberty and/or property right to attend school and in the least restrictive environment.

50. That D.M. had a liberty or property right to participate like any other student in Orangeville School District to receive an education and to physically attend the school which she was enrolled.

## VIII. **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs request this Court to grant the following relief and a Judgment against Defendant as follows:

A. A trial de novo on all remaining federal question claims and leave to present additional testimony to supplement the administrative record upon review by this court regarding the 504 claims and other federal statutes not ruled on by the Hearing Officer;

B. Compensatory damages for Defendant's discrimination against Plaintiff D.M. pursuant to Section 504 in an amount in excess of $50,000;

C. Reimbursement for tuition and all travel expenses paid by the Plaintiff C.M. on behalf of D.M. for her current schooling and education at placement and all future years of her high school attendance and placement available through the DISTRICT;

D. Reimbursement for the evaluations completed by Dr. Kyle Cushing and all other evaluations previously ordered by the Hearing Officer despite the inability to have them completed in the time frame ordered;

E. All attorney's fees incurred for the administrative law hearing as well as for the filing and defending of this Complaint;

F.     Reimbursement for all costs of suit under the administrative law hearing as well as for this suit; and

G.     For such other and further relief as this Court deems proper and just.

C.M., as parent and next friend of D.M., a minor,
Plaintiffs.

BY:     /s/ Joyce O'Neill Austin
        Joyce O'Neill Austin, Attorney for Plaintiffs

Prepared by:
THE LAW OFFICES OF
SHRIVER, O'NEILL & THOMPSON
Joyce O'Neill Austin, ARDC#6192790
515 N. Court Street
Rockford, IL 61103
P: (815) 963-4896
F: (815) 963-4904